IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DENISE WILKINSON**<br>8330 Chatham Road<br>Medina, Ohio 44256,<br><br>*Plaintiff*,<br><br>vs.<br><br>**CENTENE MANAGEMENT COMPANY, LLC**<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br><br><br>**COMPLAINT**<br><br>Jury Demand Endorsed |

Plaintiff Denise Wilkinson ("Wilkinson"), for her Complaint, states as follows:

## PARTIES, VENUE AND JURISDICTION

1. Wilkinson is a United States citizen and, at all times relevant, has been residing, and currently resides in Medina, in Medina County, Ohio.

2. At all times relevant to the claims alleged herein, Wilkinson was an "employee" and/or "person" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and within the meaning of Chapter 4112 of the Ohio Revised Code ("Chapter 4112").

3. Defendant Centene Management Company, LLC, ("Centene" or "Defendant") is a for-profit limited liability company, formed in Wisconsin, and registered as a foreign corporation with the Ohio Secretary of State.

4. Centene is an "employer" and/or "person" within the meaning of Title VII and within the meaning of Chapter 4112.

5. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Plaintiff's claims arising under Title VII.

6. The Court may exercise supplemental jurisdiction over Plaintiff's state-law statutory claims under 28 U.S.C. § 1367.

7. Venue is proper in the Eastern Division of the Northern District of Ohio as the alleged acts, omissions, or failures to act, took place, at least in part, in Medina County, Ohio.

8. Plaintiff has complied with the conditions precedent for bringing an action under Title VII and Chapter 4112 by filing a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") with respect to her discrimination and retaliation claims, where said charge was dual filed with the Ohio Civil Rights Commission ("OCRC") pursuant to the work-sharing agreement between the EEOC and OCRC.

9. Plaintiff received a "Right to Sue" notice from the EEOC on September 17, 2022, and filed this action within 90 days of receipt.

## FACTUAL ALLEGATIONS

10. Centene provides administrative and business support to Centene Corporation, which manages coverage for government-subsidized and private insurance plans.

11. Wilkinson worked for Centene for more than six years.

12. Beginning in November 2019, Wilkinson worked as a Medical Management Auditor responsible for auditing corporate, health plan, and specialty company staff related to clinical systems entry and/or processes.

13. Wilkinson performed her duties as a Medical Management Auditor 100 percent remotely from her home. Wilkinson did not interact in person with customers or co-workers.

14. On September 1, 2021, Centene announced a company-wide COVID-19 vaccine policy for its employees ("Vaccine Policy").

15. Centene, through its Vaccine Policy, required that "all employees be fully vaccinated against COVID-19 as soon as possible and no later than communicated deadlines as a condition of employment." Employees who did not provide timely proof of vaccination to human resources would be subject to disciplinary action "up to and including termination."

16. The Vaccine Policy stated that employees could request an accommodation/exemption for medical or religious reasons, and that requests would be "analyzed on a case-by-case basis."

17. Wilkinson holds certain religious beliefs that conflict with the Vaccine Policy.

18. For example, one of Wilkinson's religious beliefs is that abortion is immoral.

19. Because each of the COVID-19 vaccines approved for use in the United States as of 2021 had been generated by, or tested on, cell lines derived from an aborted fetus, Wilkinson objected to personally taking any of the COVID-19 vaccines.

20. On or about September 8, 2021, Wilkinson, in compliance with the Vaccine Policy, timely submitted to Centene a request for a religious accommodation.

21. For an accommodation, Wilkinson asked that Centene exempt her from the vaccine requirement. She noted in her application that she was already a remote worker, did not travel in the field to visit members or healthcare facilities, and her duties did not include business travel.

22. Centene responded to Wilkinson's request by asking Wilkinson to provide some additional information.

23. Wilkinson promptly responded to Centene's request for additional information on September 17, 2021.

24. On November 10, 2021, Centene notified Wilkinson that it had denied her accommodation request because it had decided that "[t]he **majority** of [her] stated views are non-religious beliefs under applicable state and federal law that are essentially philosophical, social, political, health concerns and/or personal preference that are not protected by law or a basis for a religious accommodation." (emphasis added).

25. The following day, Wilkinson submitted a written appeal of the denial to Centene.

26. Centene rejected Wilkinson's appeal on December 7, 2021.

27. Centene terminated Wilkinson's employment on February 4, 2022.

28. Centene never attempted to have a conversation or meeting with Wilkinson in an effort to determine whether her stated religious beliefs were sincerely held.

## COUNT 1
(**Religious Discrimination – Failure to Accommodate and Wrongful Discharge: Violation of Title VII and Ohio Rev. Code § 4112.02(A)**)

29. Wilkinson re-alleges all prior paragraphs and incorporates them here by reference.

30. Wilkinson holds sincere religious belief that conflicted with Centene's Vaccine Policy.

31. Wilkinson informed Centene about her religious beliefs and how her beliefs conflicted with the Vaccine Policy.

32. Wilkinson asked Centene for an accommodation based on this conflict.

33. The accommodation that Wilkinson proposed was reasonable.

34. Centene denied Wilkinson's request for an accommodation.

35. Centene discharged Wilkinson from her employment for declining to receive a vaccine that conflicted with her sincerely held religious beliefs and for seeking an exemption from the Vaccine Policy as a reasonable accommodation.

36. Centene's conduct, as described in this Count, constitutes unlawful religious discrimination in violation of Title VII and Ohio Rev. Code § 4112.02(A).

37. As a direct and proximate result of Centene's unlawful discrimination, as set forth above, Wilkinson has suffered, and will continue to suffer, emotional distress, lost wages, including back pay, front pay, retirement account matching and accruals, and other benefits to which she would be entitled. Some or all of Wilkinson's damages will continue indefinitely into the future.

38. Centene acted with malice and/or conscious disregard of Wilkinson's rights, and thus is liable to her for compensatory and punitive damages.

## COUNT 2
### (Retaliation: Violation of Title VII and Ohio Rev. Code § 4112.02(I))

39. Wilkinson re-alleges all prior paragraphs and incorporates them here by reference.

40. By requesting that Centene provide her with a reasonable accommodation based on her religious beliefs, Wilkinson engaged in protected activity under Title VII and Chapter 4112.

41. Centene was aware of Wilkinson's request for an accommodation.

42. Thereafter, Centene denied Wilkinson's request and terminated her employment.

43. A causal nexus existed between Wilkinson's engaging in protected activity and Centene's decision to terminate her employment.

44. Centene's conduct, as described in this Count, constitutes unlawful retaliation in violation of Title VII and Ohio Rev. Code § 4112.02(I).

45. As a direct and proximate result of Centene's unlawful retaliation, as set forth above, Wilkinson has suffered, and will continue to suffer, emotional distress, lost wages, including back pay, front pay, retirement account matching and accruals, and other benefits to which she would be entitled. Some or all of Wilkinson's damages will continue indefinitely into the future.

46. Centene acted with malice and/or conscious disregard of Wilkinson's rights, and thus is liable to her for compensatory and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, as to all of her claims for relief, Plaintiff prays for judgment against Defendant, as follows:

A. Issue a preliminary and permanent injunction prohibiting Defendant from abridging Plaintiff's rights to be free from employment discrimination;

B. Issue a declaratory judgment finding that the acts and omissions of Defendants as set forth herein violate Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and Ohio Revised Code Chapter 4112, which specifically prohibit discrimination on the basis of religious beliefs and retaliation for engaging in protected activities;

C. Issue a preliminary and permanent injunction requiring Defendant to grant Plaintiff reinstatement with back pay;

D. Order Defendant to put Plaintiff in her "rightful place," including reinstatement to her prior position and restoration of any seniority lost due to Defendant's violations;

E. Make Plaintiff whole with appropriate back pay, front pay, benefits, and compensatory damages;

F. Punish and deter Defendant's unlawful discriminatory and retaliatory misconduct with appropriate punitive damages under Title VII and Chapter 4112 of the Ohio Revised Code;

G. Grant Plaintiff pre-judgment and post-judgment interest on the amounts awarded as allowed by law;

H. Award Plaintiff costs and reasonable attorney fees; and

I. Grant such other relief as is necessary to make Plaintiff whole.

        Respectfully submitted,

        */s/ David N. Truman*
        DAVID N. TRUMAN (0082347)
        STUART G. TORCH (0079667)
        **EMPLOYMENT LAW PARTNERS, LLC**
        4700 Rockside Road, Suite 530
        Independence, Ohio 44131
        (216) 382-2500 (Telephone)
        (216) 381-0250 (Facsimile)
        david@employmentlawpartners.com
        stuart@employmentlawpartners.com

        *Attorneys for Plaintiff Denise Wilkinson*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

        */s/ David N. Truman*
        DAVID N. TRUMAN (0082347)