# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DENISE WILKINSON,**<br><br>        Plaintiff,<br><br>    v.<br><br>**CENTENE MANAGEMENT COMPANY, LLC,**<br><br>        Defendant. | Case No. 1:22-cv-01870<br><br>Judge Charles Esque Fleming |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes Defendant, Centene Management Company, LLC, by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

## PARTIES, VENUE & JURISDICTION

1. Wilkinson is a United States citizen and, at all times relevant, has been residing, and currently resides in Medina, in Medina County, Ohio.

    **ANSWER:** Upon information and belief, Defendant admits Plaintiff is a United States citizen. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 1 of the Complaint and, therefore, denies the same.

2. At all times relevant to the claims alleged herein, Wilkinson was an "employee" and/or "person" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and within the meaning of Chapter 4112 of the Ohio Revised Code ("Chapter 4112").

    **ANSWER:** The allegations in paragraph 2 call for a legal conclusion to which no response is required. To the extent an answer is required, Defendant admits Plaintiff

**previously worked for Defendant and that Plaintiff is a person. Defendant denies the remaining allegations in paragraph 2 of the Complaint.**

3. Defendant Centene Management Company, LLC, ("Centene" or "Defendant") is a for-profit limited liability company, formed in Wisconsin, and registered as a foreign corporation with the Ohio Secretary of State.

**ANSWER: Defendant admits it is a for-profit limited liability company, formed in Wisconsin, and is registered with the Ohio Secretary of State. Defendant denies the remaining allegations in paragraph 3 of the Complaint.**

4. Centene is an "employer" and/or "person" within the meaning of Title VII and within the meaning of Chapter 4112.

**ANSWER: The allegations in paragraph 4 call for a legal conclusion to which no response is required. To the extent an answer is required, Defendant admits it previously employed Plaintiff and is a person. Defendant denies the remaining allegations in paragraph 4 of the Complaint.**

5. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Plaintiff's claims arising under Title VII.

**ANSWER: The allegations in paragraph 5 call for a legal conclusion to which no response is required. To the extent an answer is required, Defendant admits that the United States District Court for the Northern District of Ohio, Eastern Division, has subject matter jurisdiction over this case and that Plaintiff is asserting claims pursuant to the laws of the United States. Defendant denies the remaining allegations in paragraph 5 of the Complaint.**

6. The Court may exercise supplemental jurisdiction over Plaintiff's state-law statutory claims under 28 U.S.C. § 1367.

**ANSWER: The allegations in paragraph 6 call for a legal conclusion to which no response is required. To the extent an answer is required, Defendant admits that the United States District Court for the Northern District of Ohio, Eastern Division, has supplemental jurisdiction over this case and that Plaintiff is asserting claims under the laws of Ohio. Defendant denies the remaining allegations in paragraph 6 of the Complaint.**

7. Venue is proper in the Eastern Division of the Northern District of Ohio as the alleged acts, omissions, or failures to act, took place, at least in part, in Medina County, Ohio.

**ANSWER: Defendant admits Medina County, Ohio is in the Northern District of Ohio, Eastern Division. The remaining allegations in this paragraph call for a legal conclusion to which no response is required. To the extent an answer is required, Defendant admits that venue is proper in the United States District Court for the Northern District of Ohio, Eastern Division. Defendant denies the remaining allegations in paragraph 7 of the Complaint.**

8. Plaintiff has complied with the conditions precedent for bringing an action under Title VII and Chapter 4112 by filing a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") with respect to her discrimination and retaliation claims, where said charge was dual filed with the Ohio Civil Rights Commission ("OCRC") pursuant to the work-sharing agreement between the EEOC and OCRC.

**ANSWER: The allegations in paragraph 8 call for a legal conclusion to which no response is required. To the extent an answer is required, Defendant admits Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which is a document that speaks for itself. Defendant is without**

information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 8 of the Complaint and, therefore, denies the same.

9. Plaintiff received a "Right to Sue" notice from the EEOC on September 17, 2022, and filed this action within 90 days of receipt.

**ANSWER: Defendant admits Plaintiff filed this action within 90 days of her receipt of the "Right to Sue" notice from the EEOC. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 9 of the Complaint and, therefore, denies the same.**

## FACTUAL ALLEGATIONS

10. Centene provides administrative and business support to Centene Corporation, which manages coverage for government-subsidized and private insurance plans.

**ANSWER: Defendant admits the allegations in paragraph 10 of the Complaint.**

11. Wilkinson worked for Centene for more than six years.

**ANSWER: Defendant admits the allegations in paragraph 11 of the Complaint.**

12. Beginning in November 2019, Wilkinson worked as a Medical Management Auditor responsible for auditing corporate, health plan, and specialty company staff related to clinical systems entry and/or processes.

**ANSWER: Defendant admits the allegations in paragraph 12 of the Complaint.**

13. Wilkinson performed her duties as a Medical Management Auditor 100 percent remotely from her home. Wilkinson did not interact in person with customers or co-workers.

**ANSWER: Defendant admits that Plaintiff worked remotely at some point in time. Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 13 of the Complaint and, therefore, denies the same.**

14. On September 1, 2021, Centene announced a company-wide COVID-19 vaccine policy for its employees ("Vaccine Policy").

**ANSWER: Defendant admits the allegations in paragraph 14 of the Complaint.**

15. Centene, through its Vaccine Policy, required that "all employees be fully vaccinated against COVID-19 as soon as possible and no later than communicated deadlines as a condition of employment." Employees who did not provide timely proof of vaccination to human resources would be subject to disciplinary action "up to and including termination."

**ANSWER: The allegations in paragraph 15 of the Complaint quote and refer to Defendant's written Vaccine Policy, which speaks for itself.**

16. The Vaccine Policy stated that employees could request an accommodation/exemption for medical or religious reasons, and that requests would be "analyzed on a case-by-case basis."

**ANSWER: The allegations in paragraph 16 of the Complaint quote and refer to Defendant's written Vaccine Policy, which speaks for itself.**

17. Wilkinson holds certain religious beliefs that conflict with the Vaccine Policy.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and, therefore, denies the same.**

18. For example, one of Wilkinson's religious beliefs is that abortion is immoral.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint and, therefore, denies the same.**

19. Because each of the COVID-19 vaccines approved for use in the United States as of 2021 had been generated by, or tested on, cell lines derived from an aborted fetus, Wilkinson objected to personally taking any of the COVID-19 vaccines.

**ANSWER: Defendant admits Plaintiff objected to personally taking the COVID-19 vaccines. Defendant is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 19 of the Complaint and, therefore, denies the same.**

20. On or about September 8, 2021, Wilkinson, in compliance with the Vaccine Policy, timely submitted to Centene a request for a religious accommodation.

**ANSWER: Defendant admits the allegations in paragraph 20 of the Complaint.**

21. For an accommodation, Wilkinson asked that Centene exempt her from the vaccine requirement. She noted in her application that she was already a remote worker, did not travel in the field to visit members or healthcare facilities, and her duties did not include business travel.

**ANSWER: Defendant admits Plaintiff requested an exemption from the vaccine requirement. The remaining allegations refer to Plaintiff's written request for an exemption, which speaks for itself. Defendant denies the remaining allegations in paragraph 21 of the Complaint.**

22. Centene responded to Wilkinson's request by asking Wilkinson to provide some additional information.

**ANSWER: Defendant admits the allegations in paragraph 22 of the Complaint.**

23. Wilkinson promptly responded to Centene's request for additional information on September 17, 2021.

**ANSWER: Defendant admits Plaintiff responded to Defendant's request for additional information on September 17, 2021. Defendant denies the remaining allegations in paragraph 23 of the Complaint.**

24. On November 10, 2021, Centene notified Wilkinson that it had denied her accommodation request because it had decided that "[t]he **majority** of [her] stated views are non-religious beliefs under applicable state and federal law that are essentially philosophical, social, political, health concerns and/or personal preference that are not protected by law or a basis for a religious accommodation." (emphasis added).

**ANSWER: Defendant admits that on November 10, 2021, it notified Plaintiff that it had denied her exemption request. The remaining allegations refer to the November 10, 2021, written notice, which speaks for itself. Defendant denies the remaining allegations in paragraph 24 of the Complaint.**

25. The following day, Wilkinson submitted a written appeal of the denial to Centene.

**ANSWER: Defendant admits the allegations in paragraph 25 of the Complaint.**

26. Centene rejected Wilkinson's appeal on December 7, 2021.

**ANSWER: Defendant denies the allegations in paragraph 26 of the Complaint, and states that it upheld its denial of Plaintiff's request for accommodation.**

27. Centene terminated Wilkinson's employment on February 4, 2022.

**ANSWER: Defendant admits the allegations in paragraph 27 of the Complaint.**

28. Centene never attempted to have a conversation or meeting with Wilkinson in an effort to determine whether her stated religious beliefs were sincerely held.

**ANSWER: Defendant denies the allegations in paragraph 28 of the Complaint.**

## COUNT 1
### (Religious Discrimination – Failure to Accommodate and Wrongful Discharge: Violation of Title VII and Ohio Rev. Code § 4112.02(A))

29. Wilkinson re-alleges all prior paragraphs and incorporates them here by reference.

**ANSWER: Defendant reasserts and incorporates by reference herein its answers to paragraphs 1 through 28 of the Complaint.**

30. Wilkinson holds sincere religious belief that conflicted with Centene's Vaccine Policy.

**ANSWER: Defendant denies the allegations in paragraph 30 of the Complaint.**

31. Wilkinson informed Centene about her religious beliefs and how her beliefs conflicted with the Vaccine Policy.

**ANSWER: Defendant admits Plaintiff informed Defendant about her purported religious beliefs but denies such purported beliefs were sincerely held beliefs that conflicted with the Vaccine Policy.**

32. Wilkinson asked Centene for an accommodation based on this conflict.

**ANSWER: Defendant admits Plaintiff asked for an exemption from the Vaccine Policy. Defendant denies the remaining allegations in paragraph 32 of the Complaint.**

33. The accommodation that Wilkinson proposed was reasonable.

**ANSWER: Defendant denies the allegations in paragraph 33 of the Complaint.**

34. Centene denied Wilkinson's request for an accommodation.

**ANSWER: Defendant admits that it denied Wilkinson's request for an exemption.**

35. Centene discharged Wilkinson from her employment for declining to receive a vaccine that conflicted with her sincerely held religious beliefs and for seeking an exemption from the Vaccine Policy as a reasonable accommodation.

**ANSWER: Defendant denies the allegations in paragraph 35 of the Complaint.**

36. Centene's conduct, as described in this Count, constitutes unlawful religious discrimination in violation of Title VII and Ohio Rev. Code § 4112.02(A).

**ANSWER: Defendant denies the allegations in paragraph 36 of the Complaint.**

37. As a direct and proximate result of Centene's unlawful discrimination, as set forth above, Wilkinson has suffered, and will continue to suffer, emotional distress, lost wages, including back pay, front pay, retirement account matching and accruals, and other benefits to which she would be entitled. Some or all of Wilkinson's damages will continue indefinitely into the future.

**ANSWER: Defendant denies the allegations in paragraph 37 of the Complaint.**

38. Centene acted with malice and/or conscious disregard of Wilkinson's rights, and thus is liable to her for compensatory and punitive damages.

**ANSWER: Defendant denies the allegations in paragraph 38 of the Complaint.**

## COUNT 2
## (Retaliation: Violation of Title VII and Ohio Rev. Code § 4112.02(I))

39. Wilkinson re-alleges all prior paragraphs and incorporates them here by reference.

**ANSWER: Defendant reasserts and incorporates by reference herein its answers to paragraphs 1 through 38 of the Complaint.**

40. By requesting that Centene provide her with a reasonable accommodation based on her religious beliefs, Wilkinson engaged in protected activity under Title VII and Chapter 4112.

**ANSWER: The allegations in paragraph 40 call for a legal conclusion to which no response is required. To the extent an answer is required, Defendant admits Plaintiff requested a vaccine exemption. Defendant denies the remaining allegations in paragraph 40 of the Complaint.**

41. Centene was aware of Wilkinson's request for an accommodation.

**ANSWER: Defendant admits the allegations in paragraph 41 of the Complaint.**

42. Thereafter, Centene denied Wilkinson's request and terminated her employment.

**ANSWER: Defendant admits that it denied Wilkinson's request for an exemption and terminated her employment.**

43. A causal nexus existed between Wilkinson's engaging in protected activity and Centene's decision to terminate her employment.

**ANSWER: Defendant denies the allegations in paragraph 43 of the Complaint.**

44. Centene's conduct, as described in this Count, constitutes unlawful retaliation in violation of Title VII and Ohio Rev. Code § 4112.02(I).

**ANSWER: Defendant denies the allegations in paragraph 44 of the Complaint.**

45. As a direct and proximate result of Centene's unlawful retaliation, as set forth above, Wilkinson has suffered, and will continue to suffer, emotional distress, lost wages, including back pay, front pay, retirement account matching and accruals, and other benefits to which she would be entitled. Some or all of Wilkinson's damages will continue indefinitely into the future.

**ANSWER: Defendant denies the allegations in paragraph 45 of the Complaint.**

46. Centene acted with malice and/or conscious disregard of Wilkinson's rights, and thus is liable to her for compensatory and punitive damages.

**ANSWER: Defendant denies the allegations in paragraph 46 of the Complaint.**

## PRAYER FOR RELIEF

WHEREFORE, as to all of her claims for relief, Plaintiff prays for judgment against Defendant as follows:

A. Issue a preliminary and permanent injunction prohibiting Defendant from abridging Plaintiff's rights to be free from employment discrimination;

B. Issue a declaratory judgment finding that the acts and omissions of Defendants as set forth herein violate Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and Ohio Revised Code Chapter 4112, which specifically prohibit discrimination on the basis of religious beliefs and retaliation for engaging in protected activities;

C. Issue a preliminary and permanent injunction requiring Defendant to grant Plaintiff reinstatement with back pay;

D. Order Defendant to put Plaintiff in her "rightful place," including reinstatement to her prior position and restoration of any seniority lost due to Defendant's violations;

E. Make Plaintiff whole with appropriate back pay, front pay, benefits, and compensatory damages;

F. Punish and deter Defendant's unlawful discriminatory and retaliatory misconduct with appropriate punitive damages under Title VII and Chapter 4112 of the Ohio Revised Code;

G. Grant Plaintiff pre-judgment and post-judgment interest on the amounts awarded as allowed by law;

H. Award Plaintiff costs and reasonable attorney fees; and

I. Grant such other relief as is necessary to make Plaintiff whole.

**ANSWER: Regarding the section in the Complaint entitled "Prayer for Relief," no response from Defendant is required. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief and further denies violating any law with respect to Plaintiff's employment.**

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**ANSWER: The allegations in this unnumbered paragraph call for a legal conclusion to which no response is required.**

**Defendant denies all allegations not specifically admitted herein.**

## AFFIRMATIVE AND OTHER DEFENSES

Defendant further asserts the following affirmative defenses. By asserting the defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Defendant does not presently know all the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses:

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff, by her conduct or otherwise, is equitably estopped to assert any wrongful conduct.

3. Some or all of Plaintiff's claims are barred by the doctrine of waiver.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

5. Some or all of Plaintiff's claims are barred to the extent she failed to exhaust administrative remedies and/or comply with administrative prerequisites for filing suit.

6. Plaintiff has failed to properly mitigate any damages which may have been suffered, and as a result of such failure to mitigate, any damages awarded must be reduced accordingly.

7. Defendant would have taken the same action toward Plaintiff, even in the absence of any alleged discriminatory or retaliatory motive (which alleged motive Defendant expressly denies).

8. All or part of Plaintiff's claim for damages is barred because Defendant has made good faith efforts to comply with Title VII and Ohio law.

9. Plaintiff's religious accommodation claim must fail to the extent the accommodation requested by Plaintiff was unreasonable or constituted an undue hardship on Defendant.

10. Plaintiff was not entitled to an accommodation because she failed to state a sincerely held religious belief.

11. Plaintiff's alleged damages are capped in accordance with applicable federal and state law.

12. Plaintiff's claims for compensatory damages are subject to the limitations of the Ohio Revised Code § 2315.18.

13. Plaintiff's claims for punitive damages are subject to the limitations of Ohio Revised Code § 2315.18.

14. Plaintiff's claims are subject to the provisions of the Ohio Tort Reform Act.

15. The challenged employment decisions were based on legitimate, nondiscriminatory and nonretaliatory reasons that were not pretextual.

16. Plaintiff's claims for punitive damages are barred by Defendant's good faith efforts to comply with applicable employment discrimination and retaliation laws and other federal laws.

17. There exists no proximate cause of any causal connection between any alleged protected activity and any adverse action.

18. Plaintiff's claims are barred, in whole or in part, because the employment actions about which she complains would have been taken regardless of her engaging in protected activity.

19. Plaintiff's claim for emotional distress is barred to the extent such distress was caused by factors other than Plaintiff's employment, Defendant's actions, or the actions of anyone acting on Defendant's behalf.

20. Defendant is not liable for the actions of employees that occurred outside the scope of their employment.

21. If Plaintiff's claims are tried to a jury, and Plaintiff seeks compensatory, punitive and/or exemplary damages, the issue of damages must be bifurcated according to applicable statutes, common law, and/or upon later motion of Defendant.

Because much of Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant reserves the right to assert additional defenses, if any, during the course of this litigation.

## **PRAYER FOR RELIEF BASED ON DEFENDANT'S ANSWER AND DEFENSES**

WHEREFORE, Defendant requests that judgement be granted in its favor and against Plaintiff in the following manner:

1. That the Complaint be dismissed in its entirety;

2. That Plaintiff be ordered to pay Defendant's reasonable attorney fees and costs incurred in defending this action; and

3. That Defendant be awarded such other relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Edward H. Chyun*
Edward H. Chyun, Bar No. 0076880
echyun@littler.com
Monica Sislak, Bar No. 101009
msislak@littler.com

LITTLER MENDELSON, P.C.
Key Tower
127 Public Square
Suite 1600
Cleveland, OH 44114-9612
Telephone: 216.696.7600
Facsimile: 216.696.2038

Attorneys for Defendant
CENTENE MANAGEMENT COMPANY, LLC

# **CERTIFICATE OF SERVICE**

I hereby certify that, on this 16th day of December, 2022, the foregoing *Defendant's Answer to Plaintiff's Complaint* was filed electronically via the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and parties may access this filing through the Court's electronic filing system.

*/s/ Edward H. Chyun*
One of the Attorneys for Defendant

4875-1309-8555.4 / 108840-1092